Will the clerk call the first case please? 3-22-0249 consolidated with 3-22-0250 for oral argument. The people of the state of Illinois, Applee v. Carolyn J.S. Appellant. Ms. Spahn, you may proceed. Thank you. Good afternoon. My name is Laurel Spahn and I am an attorney with the Legal Advocacy Service of the Illinois Guardianship and Advocacy Commission representing the respondent appellant Ms. Carolyn J.S. May it please the court. I'd like to talk with you about three different things. First I'd like to talk about the commitment order in this matter. Then I'd like to turn to the medication order and then if there's time I would like to talk about why if either order is reversed in these two appeals the other order should be reversed. So turning to the commitment order the substantive issue here is whether a mid-trial order motion to amend what the trial what the trial judge called a late hour motion to amend was appropriate here and the argument is that it was not and that it was an abuse of discretion for the judge to allow it. And what we argue in the appellant's brief is that there is no automatic right to amend and that the case law provides for four factors to look at to determine whether it's appropriate to allow an amendment. And the four factors include whether there needs to be a cure for a defective pleading, whether there is surprise or prejudice and the last two factors are are sort of interconnected whether the amendment is timely and whether there were other opportunities to amend. And in this case our brief explains how each of those factors were not were not shown here and in particular the state admits to surprise here while in the state's brief they say the respondent should not have been wholly surprised because there was a kind of a late certificate that was filed in this proceeding that checked off an additional box an additional cause of action for involuntary admission but the state is asking the respondent and respondents council to mind read how it intends to proceed in the case and it's not a certificate that that litigants rely on it's the pleading in the matter. So I would I would turn now to the medication case and point out that there are just so many many things wrong with that medication proceeding and those are all addressed in the appellant's brief. There was the use of the form petition which is fine to use a form petition but you can't just allege legal conclusions and that's always been the rule in Illinois. Illinois is a fact pleading state. The state admits that its pleading was defective from the outset. There was a second petition filed that that amended petition was filed just without leave of court without mentioning it during the trial without a motion to amend that petition was also just alleging legal conclusions so those petitions were defective and the state has a specific duty under section 3-101 of the mental health code to ensure that pleadings and orders are properly prepared in these cases. The order for hearing that was prepared by the state in this matter it's the same in that same order that was the order appointing counsel for the respondent so that order was just fully on the state that same order set the hearing with only two days notice and the statutory required minimum notice for an involuntary medication proceeding is three days notice so that's a that's a big problem there. The order for medication that was ultimately entered included tests and procedures where the state's expert testified those are not necessary and the trial court made no findings about those tests and procedures but those were included in the order so I mean that's that's just dreadful and the order otherwise does not match the testimony as explained in the respondent appellant's brief the testimony was basically a and the it wasn't until the testimony where where any of the parties I think learned what the the judges or I'm sorry what the doctor's intended treatment plan was and the treatment included medications that the respondent testified she had had negative reactions to before so I would turn now to the the third thing I wanted to talk about what which is if one of the orders is reversed the other should be reversed that goes for both orders this court some years ago decided the John N case in that case this court said if a commitment order is reversed then a concurrent medication order should be reversed because the medication order is dependent on the respondent being in the inpatient facility now based on that same reasoning we're asking this court to apply that John N reasoning if this court reverses the involuntary medication order in this case if the court reverses the involuntary medication order in this case this court should apply that John N reasoning and reverse the involuntary commitment order here let me explain why the involuntary commitment order here is only based on that prong three or as as DuPage County refers to it box three criterion for commitment that's the that's the very broad commitment criterion which you know is not we're not saying the person is has a mental illness and because of that mental illness they are at risk of inflicting harm on self or others we're not saying that the person has a mental illness and because of that mental illness they're unable to provide for their basic physical needs Ms. Carolyn J.S. was only found subject to commitment on that third allegation which is a person with mental illness who refuses treatment or is not adequately adhering to prescribed treatment and because of the nature of their illness is unable to understand the need for treatment and if not treated on an inpatient basis is reasonably expected to have deterioration and then meet meet either that or inability to provide for basic needs and what the doctor said here was he said he said that treatment in this situation the treatment that he wanted to he wanted Ms. Carolyn J.S. to have was enforced medications that's on page ri 103 of the the record on appeal here so if the tree so so we get to the point where if the medication order is reversed in this in this now consolidated appeal for oral argument then the commitment order should be reversed because without the treatment order then there's no reason to hold this person who is not currently harmful and who has not been found unable to provide for her basic physical needs that's applying the the John N. logic to a commitment order I'm sorry am I making your head hurt you know I'm trying to when you're talking about box three okay you're saying that the only reason for her involuntary admission is to receive treatment am I correct is that too simple a statement that was the only reason she was found subject to involuntary admission it was the 119 119 subsection 3 criterion for inpatient admission specifically the the current petition alleged both harm and needs and then there was that mid-trial motion to amend saying wait a minute wait a minute we want to go forward on this very broad allegation and say that she is be able to allege that she needs commitment for that reason granted she wasn't prescribed any medication that's in the record too the doctor had been asking her about medication and she said no thank you but the doctor quickly quickly whipped up a new certificate and said let's let's try to commit her for that reason but yes she was only committed for that reason if you look at the the order that was entered she was not found subject to commitment on any other basis and the state gave up the harm their harm allegation that was originally alleged in the petition so the state proceeded on basic needs the state gave up the harm allegation and then added over objection over the objection of of uh ms carolyn j s's counsel when that oral motion was made they added that third cause of action okay yes unravel for me basic needs i'm sorry unravel basic needs you're using a in other words there's a ground for commitment because of basic needs yes basic needs is when you are not able to uh if you may not be taking care of your food shelter needs basic needs so that you may ultimately cause serious harm to you to yourself it's like self-neglect it means self-neglect so the judge did not find self-neglect in her case the judge the trial court committed her only on that newly added in the middle of trial um well new newly added grounds what are they the newly added the that's a very very broad category or criterion for involuntary admission um it says a person may be subject to involuntary inpatient commitment if they have a mental illness and and they are refusing treatment or not adhering adequately to prescribed treatment and because of the nature of their illness they are unable to understand the need for treatment and if not treated on an inpatient basis they are reasonably expected based on their behavioral history to suffer mental or emotional deterioration and are reasonably expected after such deterioration to either become harmful to self or others or unable to meet their basic physical needs so fine miss yes i apologize justice miss bond you have said a couple times that you were surprised about this that this happened in the middle etc but you're you knew dr wang's opinion the day before that it was under box two and box three correct um well i was not the trial council but the trial council the trial council according to the record was emailed a copy of that certificate the morning of the trial now the certificates under the mental health code two certificates are required there's no requirement for multiple certificates and there was a first certificate there was a second certificate of psychiatrist as required within 24 hours then when um the respondent was transferred to the mental health campus of edwards elmhurst dr wang did a certificate that was on she came on the the like at 11 o'clock at night on march 14th within 24 hours like within five minutes there was an examination within 24 hours there was an examination by a psychiatrist so that would have been on march 15th later on march 15th she was transferred to the mental health campus dr wang did a certificate on march 16th then on march uh let's see then on march 23rd dr wang did a new certificate but there's no provision for all of these certificates dr wang's certificate doesn't add anything new in his explanation there's just a different box checked we don't know that the trial attorney got that email the morning of trial um there was there was no indication that anybody wanted to amend the petition to to change the allegations in the petition or to change the cause of action um if if i had been the trial counsel and i had received that email i don't know that i would have even noticed there was a second box checked because there wasn't there weren't any opinions there there wasn't any conclusions there to indicate why the doctor was suddenly checking a different box but it's the it's the pleading that matters here it's not it's not a certificate that we're moving forward on so when when the trial counsel in this case first heard questions related to that um 119.3 criterion the trial counsel the trial counsel said um i'm not sure why these questions are being asked that's irrelevant so we don't know that the trial counsel ever saw that certificate in his email box there wasn't any excuse me one second i see the red light is on do you want me to finish this thought if you could just finish this one thought please you'll have time to reply i'm sorry you'll have time in reply okay well but finish that last thought i'll let you do that please okay there was there is no suggestion that there was any any other communication with this certificate that there was going to be a request to add an counsel to surmise or mind read how the state is going to proceed when this is when this is just emailed the morning of trial it's the pleading that counts the uh questions from the court yes there was one um with regard to the appointment of the attorney this was not what not the day before but it was very shortly before the hearing is that not correct the order appointing the council no just the appointment of the of the attorney to represent the respondent the appointment of the council to represent the respondent in the medication case occurred two days before the hearing it was the same order that set the trial for two days before with with the with the um the lack of the proper statutory notice two days before the the medication trial so in addition to not having notice she also didn't have much time because she was just appointed the two days before the hearing right okay thank you further questions any you'll have time in reply miss thank you your honor mr prindle you may respond thank you and good afternoon and may it please the court trevor prindle assistant state's attorney for dupage county on behalf of the people and these two consolidated matters i just want to lay down some background um really quickly i know started to get a little flushed out at the end of miss spawn's argument but as to exactly what occurred on a timeline here respondent in this matter was brought to elmhurst hospital on march 14th 2022 and a petition was then filed on march 14th 2022 or excuse me march 15th 2022 the next day which alleged that the respondent was subject to involuntary admission on an inpatient basis pursuant to the criteria in section 119.1 which was a danger to self or others and section 119.2 which is the basic needs box that the court and miss spawn had a colloquy about there was then a certificate that issued from a social worker at elmhurst which was consistent with the petition and alleged that the respondent here was subject to involuntary admission based on the criteria in section 119.1 and 119.2 she was then examined by a psychiatrist dr aldura again of elmhurst hospital who stated that the respondent was only subject to admission based on that criteria set forth in section 119.2 in 119.2 alone the respondent was that being that being uh the in inability to care for basic physical needs the respondent was then transported on march 15th the same day that she had the second on march 15th she was then or excuse me march 16th the next day she was evaluated by dr wong who was then her treating psychiatrist at lyndon oaks hospital dr wong then issued the third overall certificate which alleged only the inability to care for basic physical needs under section 119.2 the dr wong continued to be the respondents treating psychiatrists and on march 22nd he re-evaluated the respondent and ultimately issued a fourth overall certificate in this matter which was then filed later in the afternoon around 3 p.m on march 23rd 2022 the day before the two matters proceeded to hearing in that re-evaluation dr wong then alleged that the respondent was a person who was subject to involuntary admission on an inpatient basis under that inability to care for basic physical needs under section 119.2 and admittedly for the first time in across all the petition of the petition in the certificate then in then i also alleged that the respondent was subject to that inpatient admission under section 119.3 which in some states that the respondent was somebody who's not adequately adhering to their treatment and was likely to deteriorate to the point where she would meet the criteria if not treated on an inpatient basis in either the danger to self or others or have an inability to care for her basic physical needs. Mr. Prindle at the time Mr. report was done by Dr. Wang on the 22nd she he had been treating her for a week correct? uh since march 16th um so about yes about a week yes six six seven days and i believe justice holdridge had a question yes i did what was her treatment uh when i say treatment i i mean that um in a more broad sense um dr wong would be meeting with her daily not likely on the weekends but he would at least once a day meet with the respondent try to have conversations regarding talk therapy right correct or one-on-one individual therapy yes well there was no there are no drugs there are no medications or whatever correct okay so it's talk therapy correct and from that he made a diagnosis that she needed chemical therapy i don't i don't know if it's fair to say that from those conversations he made a diagnosis that she needed chemical therapy uh it may have um been more that based off of the progression of her symptoms and the fact that she was not improving um that then the chemical or medic involuntary medication was then necessary for the treatment of her mental illness which ultimately led then to the medication or excuse me the petition for medications to then be issued on march 22nd so he's giving an expert opinion all this certificate stuff is basically opinion evidence right i would agree with that yes okay put it in the context of the of normal law terms yeah and and i think it's um a point i did want to make in a leading a little bit off of that is miss spawn in her argument is stating that it's the pleadings that matter and nobody's we're not concerned with their certificates but i don't think that the two can really be divorced from each other i believe that the petition in the certificates need to be read as a whole in what we're looking at as far as the doctor's opinion and what the basis is for holding um in a hospital on an inpatient basis or to have involuntary medications administered the code does um necessitate that two certificates um be filed along with a petition or at least one needs to be filed with the petition um if they're going to be in a hospital setting and then a second one needs to follow shortly thereafter within a reasonable amount of time and i believe you have to look at then the certificate and what's alleged on the certificate when looking at the pleadings as a whole miss spawn is correct when in pointing at the free bird factors um although she did not bring up the case name but in terms of whether or not the court was correct or abused its discretion and whether or not to allow the amendment at trial um to have the petition match on its face the fourth certificate from dr wong that those four factors outlaid in freeberg one being is it curing a defect two is there prejudice or surprise to the respondent the third the timeliness and the fourth which i do agree goes hand in hand almost with that third one was their previous opportunities to amend the pleadings the state here in seeking to have the petition did not match dr wong's most up-to-date assessment of the respondent in this matter the code as miss bond pointed out does not allow or have any statement as to whether or not more than two certificates can be filed um but i would like we or i would like to point out to the court that there's no prohibition against adding on a third or fourth certificate in this case and the reason that that was done was explicitly because there was a continuing reevaluation um once when she was transferred from elmhurst hospital to linden oaks and dr wong became a treating psychiatrist and then over the course of days from march 16th to march 22nd upon those further meetings um with respondent dr wong's opinion and his basis for alleging that respondent to be held involuntarily likewise um had shifted the prejudice or surprise grounds clearly weighs as to the fact that that fourth certificate was filed very late on march 23rd and the trial proceeded on march 24th however as the trial court noted in its denial of respondents motion to in this matter and i do think it is hard to say that there was a complete surprise upon asking for the amendment to the pleading to respondents council that at least dr wong at some point then believed carolyn met those requirements as outlined in section 119 3 the timeliness of the amendment i think is timely under the civil code of procedure i'm specifically looking at 735 ilcs 5 2-616 which addresses amendments to pleadings um the there was as um the state admitted at the trial level an oversight in not having the petition amended prior to its oral motion to amend but along with the whether or not there was a previous opportunity to amend the pleadings in this matter um these mental health cases are very truncated um as evidenced by the filing on march 15th in a hearing on march 24th and the fourth certificate issuing the day before um did leave little time to have that defect cured in turning to the meds petition um and specifically on some of the arguments raised by miss spawn um the state did confess air um as it related to the petition in its brief and it does can still confesses air that it the petition in the mess but excuse me the petition in the meds case did not adhere to the third district's ruling in in ray marcus s we the state still maintains that mootness does apply to both of these matters but if the this court were to find that there is an exception to mootness uh the state would say that the meds petition should be um revert the order should be vacated and the matter then dismissed based off of that ineffective assistance of counsel which was initially raised in respondents brief lastly in miss spawn's point of regarding whether or not if this court were to dismiss the medications petition based on that confession of air if it should also likewise um dismiss in reverse and remand on the admissions petition there was a citing to in ray john n which as response stated um with third district decision which held that because there was the dismissal of an admissions petition that the medications petition in order must also fall i do not think however that the reverse is true if this court were or if any court were to find that a person was subject to admission but for whatever reason either the medication petition is denied at hearing or an appellate court were to reverse as it most likely will hear based off of the confession of air the state and respondent in this case would still be subject to involuntary admission and the state could refile a new medications petition to have the treatment provided to respondents notably the respondent in her brief cited to a case in ray trotsky t-r-o-s-k-i-c which did point out a potential lapse where a person could be found subject to not being treated but i think as kind of stated a little bit before the respondent was still being treated from december or excuse me march 16th of 2022 to up until the point of the hearing via talk therapy it just was not a medications treatment and i just would urge the court to brief um does not really stand for the inverse um that just because a medications petition is dismissed that an admission petition also needs to be dismissed regardless of the cause of the dismissal i'm sorry can you repeat your question regardless of the cause of the dismissal uh yes yes regardless of the cause of the dismissal yes yes okay thank you and if there are no more questions from the court i would just ask that the court affirmed the trial court's order denying the motion to reconsider in the admissions petition and then dismiss the meds appeal as moot or if it's not to find mootness then to vacate the medication order on that ineffective assistance of council grounds further questions thank you mr prindle thank you miss bond you may reply hope you're you're mooted there we go there you are thank you sorry about that um one thing i would ask this court to do is to consider the state's important role in these kinds of civil mental health proceedings you know respondents in mental health cases are not criminals criminals criminal defendants have the right to have the state follow the rules and and act fairly in criminal proceedings and the state should do the same in mental health cases that are civil in nature there is no other kind of case where a person is going to have a new cause of action thrown at them at the last minute and and that's okay you know there is case law from the fourth district and it's cited by the illinois supreme court that says we have allowed mental health cases to be treated differently and we have to be ever vigilant about that and to treat these civil mental health cases just as other case and to apply the rules and the case law i'm referring to where that's that's mentioned is andrew b and the lisa gc case they're citing to the words of justice connect from the fourth district so i'd ask i'd ask that this court keep those words in mind um the state says oops it made an oversight it's a no it made an oversight well you know a motion to amend is an important thing it says oh mental health cases are truncated i'm not sure exactly what they mean by that i think i think the state means there are shorter time frames for these hearings because these involve liberty interests but they're not truncated proceedings and the state has under section 3-800 b the right to or well the ability to ask for up to 15 days of continuance so if if they if they got on the eve of trial um a new certificate from their experts saying wait a minute wait a minute i think i want to pursue a different cause of action then the state under 3-101 should say doctor you're changing your mind all of a sudden it's the eve of trial for due process we have to be fair to the respondent and we need to do a motion to amend we're going to ask for continuance we're going to file that motion to amend because the by emailing a copy of your certificate and nothing else to the respondent and hope they can mind read that you want to change your cause of action at the last minute so i'd ask you to think about due process the right to notice and the important liberty interest at stake here the trial judge abused his discretion and the defense council here objected when testimony first started coming out about this new cause of action there was no defective pleading here there was a cause of action alleging two criterion two two of the criteria for involuntary admission and it was not a defect that one box wasn't checked three doctors had all observed and on the eve of trial and the doctor suddenly changed changed course it was up to the state under 3-101 to do something about that the state could have asked for continuance to file a motion to amend the state had time maybe the state is not aware of section 3-800-B saying the court or the state can have up to 15 days of continuance if necessary beyond that it has to be at the respondent's request but they hadn't used up days of continue that many days of continuance so there was time to cure that if they wanted to add an additional cause of action but otherwise the petition was not defective the state still went forward on that basic needs element but the judge didn't find it the respondent testified i would invite you i would encourage you to read the record and read what carolyn js had to say carolyn js testified about her understanding of the need for treatment there was testimony about how she weighs 190 pounds and the doctor said you know what she's she's she is somebody who could stand to lose some weight i'm sorry i see that my light is on i would ask the court to reverse these orders thank you questions from the court other questions no no okay uh thank you counsel for your arguments on this matter this afternoon it will be taken under advisement written disposition shall issue clerk of our court will escort you now out of our remote courtroom and we'll proceed with another case thank you thank you thank you